United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMMANTHA CHIE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>REED ELSEVIER, INC., *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-1784 (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 13)** |

        Plaintiffs Semmantha Chie and Jennifer Dessin have filed suit against Defendants Reed Elsevier, Inc., Lexis/Nexis, Inc., and Matthew Bender & Company, Inc., for, *inter alia,* violations of the Fair Labor Standards Act ("FLSA"), the California Labor Code, and the Employee Retirement Income Security Act ("ERISA"). Currently pending before the Court is Defendants' motion to dismiss. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

        As alleged in the complaint, Ms. Chie has been an employee of Defendants since June 2001, and Ms. Dessin since August 2000. *See* Compl. ¶ 8. In January 2005, Ms. Chie was promoted to the position of Coordinator of Publishing Operations; Ms. Dessin was promoted to the same position in August 2006. *See id.* ¶ 9. At the time of their promotions, Plaintiffs were advised that they would be reclassified as exempt from overtime. *See id.* Plaintiffs maintain that, notwithstanding the promotions, they continued to keep a work schedule of 35 hours per week. *See id.* ¶ 10.

In May 2010, Plaintiffs first learned that they had been misclassified. *See id.* ¶ 12. More specifically, Ashleigh Owens, a human resources representative for Defendants, held a meeting in which she told Plaintiffs that they had been misclassified as exempt and that they would be paid for the overtime they had worked (more than 40 hours) during the preceding two years. *See* Owens Decl. ¶¶ 2-3. Ms. Owens asked Plaintiffs to provide estimates of their overtime for this period. *See* Compl. ¶¶ 109, 113. In September 2010, after discussing matters with Plaintiffs' attorney, Jason Lohr (also Ms. Chie's husband), Defendants indicated that they would pay overtime incurred for a longer period of time, *i.e.*, back to May 10, 2006. *See* Owens Decl. ¶ 4. Mr. Lohr provided estimates for the overtime hours worked, and Defendants thus calculated that each Plaintiff was owed approximately $30,000 in overtime. *Id.*

In March 2011, counsel for Defendants sent to Mr. Lohr checks for Plaintiffs, each in the amount of approximately $30,000. The checks were accompanied by release-and-waiver forms. *See* Lohr Decl. ¶ 5 & Ex. A at 3-4. Plaintiffs never cashed the checks, thus indicating that the settlement offers were being declined. *See* Owens Decl. ¶ 7.

In April 2011, counsel for Defendants sent Mr. Lohr new checks for Plaintiffs. This time the amount offered to Ms. Chie was more than $43,000 and the amount offered to Ms. Dessin was more than $31,000.[1] The checks were also accompanied by release-and-waiver forms. *See* Lohr Decl. ¶ 5 & Ex. B at 3-4; Owens Decl. ¶ 5. Again, Plaintiffs never cashed the checks, indicating rejection of the settlement offers.[2] *See id.* ¶ 7, Opp'n at 22.

Shortly thereafter, Plaintiffs initiated this lawsuit against Defendants, asserting eleven different causes of action. In the pending motion, Defendants seek dismissal of some, but not all, of

---

[1] There is conflicting evidence in the record as to how much exactly Ms. Chie was offered the second time around. However, the parties' evidence indicates that Ms. Chie was offered at the very least more than $43,000.

[2] The Court acknowledges Plaintiffs' argument that the amount of the settlement checks is inadmissible evidence pursuant to Federal Rule of Evidence 408. This argument is somewhat puzzling given that Plaintiffs have offered evidence regarding the settlement checks as part of their own papers. *See* Lohr Decl., Exs. A-B.

In any event, for purposes of this motion, the Court assumes that Rule 408 is not a bar, *i.e.*, the evidence is admissible, but ultimately agrees with Plaintiffs that the checks do not establish that the wage-and-hour claims are moot. *See infra,* Part II.A.

2

the claims.  More specifically, Defendants move to dismiss the wage-and-hour claims (under federal and state law), the claim for violation of the California Labor Code Private Attorneys General Act ("PAGA"), the intentional misrepresentation claim, and the claims for violation of ERISA.

## II. DISCUSSION

A. Mootness

Defendants argue first that both the federal and state wage-and-hour claims should be dismissed on the basis of mootness.

Mootness is a matter of subject matter jurisdiction.  *See In re Burrell,* 415 F. 3d 994, 998 (9th Cir. 2005)(stating that, when a case is moot, a court lacks subject matter jurisdiction).  A motion to dismiss on the basis of subject matter jurisdiction can be either a facial attack or a factual one.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In the instant case, Defendants have made a factual attack by going beyond the complaint and providing evidence.  *See, e.g.*, Owens Decl.  Where a factual motion to dismiss is made and only written materials are submitted for the court's consideration (*i.e.*, no hearing is held), a plaintiff need only establish a prima facie case of jurisdiction.  *See Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985).  However, where mootness specifically is at issue, the Ninth Circuit has stated that the party asserting mootness – here, Defendants – has the "heavy burden of establishing that no effective relief remains for the court to provide." *Chang v. United States*, 327 F.3d 911, 918-19 (9th Cir. 2003).

In the instant case, Defendants argue that the wage-and-hour claims are moot based on the settlement checks offered to Plaintiffs.  According to Defendants, these checks offer Plaintiffs an amount far more than they could be awarded if they were to prevail on their overtime claims.  *See Marschall v. Recovery Sol'n Specialists, Inc.*, 399 Fed. Appx. 186, 187-88 (9th Cir. 2010) (finding that the district court properly dismissed plaintiffs' individual claims against defendants for lack of subject matter jurisdiction because defendant's offer of judgment was for more than plaintiff was legally entitled to recover).  Defendants note, in particular, that the checks reflect compensation for four years of overtime even though the statute of limitations under the FLSA and the California Labor Code is shorter.  *See* 29 U.S.C. § 255(a) (providing for a two-year statute of limitations for

claims for unpaid overtime, except where there is a willful violation in which case the statute of limitations is three years); *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1102 (2007) (holding that the three-year statute of limitations provided for by California Code of Civil Procedure § 338 applies to actions for unpaid wages owed under state law).

The Court does not agree with Defendants that their checks offer Plaintiffs more than they could be awarded for their claims. Even if the Court were to take into account the shorter statutes of limitations under federal and state law, it is far from clear that Plaintiffs would not be entitled to more than the amounts offered by Defendants. Putting aside the fact that the amounts were calculated based on estimates only, the Court notes that Defendants were offering compensation for solely unpaid overtime hours, *see* Owens Decl. ¶¶ 3, 5, and not for other damages claimed by Plaintiffs as part of this litigation. Notably, under the FLSA, an employer who fails to pay the overtime owed is held liable not only for the unpaid overtime but also "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, if Plaintiffs established a willful violation under the FLSA, they could be compensated for three years of overtime, which would then be doubled. Furthermore, Plaintiffs asserted not only a claim for unpaid overtime but also unpaid "straight time" – *i.e.*, occasions on which Plaintiffs worked more than 35 hours (their weekly work schedule) but less than 40. Plaintiffs have also requested prejudgment interest and attorney's fees, both of which may be awarded under the California Labor Code. *See* Cal. Lab. Code § 1184(a) (providing that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit"). Even if attorney fees were not available on the theory that the offer preceded the lawsuit and if accepted would have obviated attorney fees, Plaintiffs would still be entitled to prejudgment interest.

Accordingly, because Defendants have not shown that they have offered Plaintiffs all they are legally entitled to recover, Defendants have failed to meet their "heavy burden" of establishing mootness. *See Scott v. Federal Bond & Collection Serv., Inc.*, No. C10-2825 LHK, 2011 U.S. Dist. LEXIS 5278, at *14-15 & n.4 (N.D. Cal. Jan. 11, 2011) ("conclud[ing] that Defendants' Rule 68

offer, though likely beneficial to Plaintiff, does not offer her all that she is legally entitled to recover[;] [w]hile nothing prevents Plaintiff from bargaining away her rights to post-offer attorney's fees, her refusal to do so does not render this action moot").

Finally, the Court notes that Defendants' argument of mootness is problematic for an additional reason. The Ninth Circuit has held that, where the jurisdictional issue is intertwined with the merits, a court cannot determine the jurisdictional issue until the merits of the case are appropriately resolved. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (stating that "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined" because "[a] court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits'"). In the instant case, the jurisdictional issue is intertwined with the merits because whether the claims are moot depends on the amount of damages Plaintiffs are due, which in turn depends on the merits of Plaintiffs' wage-and-hour claims (*e.g.*, the amount of straight time owed, whether any violation of the FLSA was willful, etc.).

Accordingly, the Court denies the motion to dismiss Plaintiffs' wage-and-hour claims as moot.

B.    Failure to State a Claim for Relief

For the remaining claims – *i.e.*, the claims for violation of PAGA, intentional misrepresentation, and violation of ERISA – Defendants move to dismiss for failure to state a claim for relief.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough

5

facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

1. PAGA

PAGA allows an aggrieved employee to bring suit on behalf of himself or herself and other current or former employees for violations of California Labor Code provisions. *See* Cal. Lab. Code § 2699(a). Defendants argue that the PAGA claim should be dismissed because Plaintiffs have failed to identify with sufficient specificity who the other aggrieved employees are.

The Court agrees with Defendants. In their complaint, Plaintiffs simply allege that "Defendant employs more than 300 employees in the State of California. The exact number of aggrieved employees can easily be ascertained by reviewing Defendant's employee and payroll records." Compl. ¶ 94. Plaintiffs do not provide any other description of the aggrieved employees. This information does not give Defendants fair notice as to what the scope of the PAGA claim is. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (noting that Rule 8 "requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (internal quotation marks omitted). Moreover, although a suit brought pursuant to PAGA is not subject to class action requirements, *see Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009), it is similar to a class action in that it is essentially a representative suit. For a representative action, whether a class action or a PAGA action, there must be some specificity as to who the persons are that the plaintiff seeks to represent. *See, e.g.*, *Machado v. M.A.T. & Sons Landscape, Inc.*, No. C09-0459 JAM JFM, 2009 U.S. Dist. LEXIS 63414, at *8 (E.D. Cal. July 23, 2009) (finding that, since plaintiffs failed to identify the "other current or former employees" who were aggrieved, they failed to state a claim). Tellingly, even the case on which Plaintiffs rely defines the aggrieved employees with more specificity than Plaintiffs have here, *i.e.*, by title or by description of the aggrieved employee's type of work. *See Hibbs-Rines*

6

1 *v. Seagate Technologies,* No. C08-5430 SI, 2009 U.S. Dist. LEXIS 19283, at *3-4 (N.D. Cal. March
2 2, 2009).

3 The Court therefore dismisses the PAGA claim but gives Plaintiffs leave to amend so that
4 they may address this specific deficiency.

   2.   Intentional Misrepresentation

6 In their claim for intentional misrepresentation, Plaintiffs claim that Ms. Owens, Defendants'
7 agent, made misrepresentations about, *inter alia*, the proper calculation of overtime. Defendants
8 challenge the claim on various grounds, including the failure to plead damages, which is an essential
9 element of the claim.[3] *See Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal. 4th 979, 990 (2004)
10 (finding that a claim for fraud must contain a misrepresentation, knowledge of the falsity of the
11 representation, and intent to defraud, justifiable reliance, and resulting damage). According to
12 Plaintiffs, they did allege damages in their complaint. More specifically, they pled that they suffered
13 damages because, in reliance on Defendants' misrepresentations, "they delayed seeking legal
14 counsel[,] thereby losing the right to recover wages owed due to the operation of the statute of
15 limitations." Compl. ¶ 121.

16 The Court acknowledges that Plaintiffs' position is not without some support. Most notably,
17 in *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138 (10th Cir. 2000), the Tenth
18 Circuit noted that "[d]elay in filing suit, without more," is insufficient to establish damages, but then
19 suggested that there could be "more" where a plaintiff "allege[s] that her delay in filing suit
20 permitted [the defendant] to successfully assert a statute of limitations defense." *Id.* at 1160. But
21 *Atlantic Richfield* does not assist Plaintiffs here. In this case, if Plaintiffs are able to establish that

---

[3] Another argument made by Defendants is that Plaintiffs have failed to allege a misrepresentation of *fact* by Ms. Owens, only a misrepresentation of *law*. A misrepresentation of law may in certain circumstances be actionable – *e.g.*, where the party making the misrepresentation (1) purports to have special knowledge; (2) stands in a fiduciary or similar relation of trust and confidence to the recipient; (3) has successfully endeavored to secure the confidence of the recipient; or (4) has some other special reason to expect that the recipient will rely on his or her opinion. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004). Although the Court does not rule on whether Ms. Owens allegedly made a misrepresentation of law that is actionable, it has serious concerns about Plaintiffs' ability to fit their claim into any of the above categories. There are no allegations in the complaint to suggest that Ms. Owens held herself out as an expert; indeed, the allegations indicate that Ms. Owens spoke with uncertainty. Moreover, the mere fact that she worked in human resources did not necessarily place her in a position of trust and confidence vis-a-vis Plaintiffs.

Defendants made misrepresentations, then that may be a basis to equitably toll the statute of limitations on their wage-and-hour claims, a point that Defendants did not dispute at the hearing. *See, e.g.*, *Stationary Eng'rs Local 39 Health & Welfare Trust Fund v. Philip Morris, Inc.,* No. C-97-01519 DLJ, 1998 U.S. Dist. LEXIS 8302, at *37-38 (N.D. Cal. Apr. 30, 1998) (holding that the statute of limitations could be equitably tolled because plaintiffs sufficiently established that defendant engaged in fraudulent concealment). With equitable tolling, Plaintiffs would not be deprived of any wages due to the statute of limitations.

In short, the Court does not see Plaintiffs' claim for intentional misrepresentation as a true cause of action but rather as a means to equitably toll the statute of limitations. The Court thus dismisses with prejudice the claim for intentional misrepresentation.

### 3. ERISA Claims

Finally, in their complaint, Plaintiffs have asserted two ERISA claims: (1) a violation of ERISA's record-keeping and reporting provisions and (2) a breach of fiduciary duty under ERISA.

#### a. Recordkeeping/Reporting

Section 209(a)(1) of ERISA provides that "[e]very employer shall . . . maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1). The Ninth Circuit has held that this provision of ERISA "imposes a duty on employers to maintain records of the number of hours worked by employees." *Motion Picture Indus. Pension & Health Plans v. N.T. Audio Visual Supply, Inc.*, 259 F.3d 1063, 1065 (9th Cir. 2001). According to Plaintiffs, Defendants violated § 209(a)(1) by failing to record the hours that Plaintiffs worked. *See* Compl. ¶ 71. Defendants move to dismiss this claim on the grounds that Plaintiffs have failed to allege that they suffered any harm resulting from the purported violation.

Defendants' argument is not persuasive. In *Brick Masons Pension Trust v. Industrial Fence & Supply, Inc.*, 839 F.2d 1333 (9th Cir. 1988), the trust fund plaintiffs asserted that the defendant employer had failed to keep adequate records pursuant to ERISA. The Ninth Circuit held that the trust fund plaintiffs were damaged as a result because they were not able to prove the extent of the covered work the employees did for the defendant. *See id.* at 1338 (stating that, "[a]lthough the

1 Trust Funds have established that these brick masons performed some covered work for Industrial,
2 they are unable to prove the extent of such work because of Industrial's failure to keep adequate
3 records"). The same theory underlies Plaintiffs' recordkeeping claim. That is, Plaintiffs allege that
4 they are owed both straight time and overtime based on the misclassification and that Defendants'
5 failure to keep records has "imped[ed] them from knowing the amount of wages to which they are
6 entitled." Compl. ¶ 48. If Plaintiffs were to establish they were not exempt, they would be
7 damaged. Given the Court denies the motion to dismiss the wage claim, the Court must deny the
8 motion to dismiss the ERISA recordkeeping claim.

### b. Breach of Fiduciary Duty

10 In their second ERISA claim, Plaintiffs allege that Defendants are fiduciaries with respect to
11 an employee 401(k) plan and that Defendants breached their fiduciary duty by failing to credit
12 compensation due for unpaid wages – *i.e.*, to make contributions to the plan based on their unpaid
13 wages. *See* Compl. ¶¶ 77-78. Plaintiffs maintain that, at the very least, Defendants failed to
14 investigate whether additional contributions should have been made to the plan. *See Rosenberg v.*
15 *IBM Corp.*, No. C06-0430 PJH, 2006 U.S. Dist. LEXIS 41775 (N.D. Cal. June 12, 2006).

16 At the hearing, Defendants clarified that additional contributions *would* be made but, under
17 the terms of the plan, contributions cannot be made until the unpaid wages are actually paid to
18 Plaintiffs, and the exact amount of unpaid wages is under litigation in this action. In support of this
19 position, Defendants point out that "compensation" is defined in the 401(k) plan as "the total
20 remuneration . . . *paid* under the U.S. payroll system to an Employee by all Employers during a Plan
21 Year, including fixed salary, base pay, overtime pay, bonuses . . . and commissions paid or made
22 available to the Employee during the Plan Year in consideration for services actually rendered."
23 Owens Decl., Ex. A (Plan ¶ 1.11) (emphasis added).

24 The Court agrees that Defendants' reading of the plan is a fair one; that is, the "trigger" for a
25 contribution to the plan is an *actual payment* of compensation. As no compensation for the wages
26 sought herein has been paid, this claim is premature. At the hearing, Plaintiffs pointed out that the
27 plan also defines "hour of service" as "[e]ach hour for which an Employee is directly or indirectly
28 paid or *entitled* to payment by an Affiliated Company for the performance of duties for an Affiliated

9

Company." *Id.* (Plan ¶ 1.21(a)) (emphasis added). The problem with this argument is that Plaintiffs have claimed a breach of fiduciary duty based on Defendants' "fail[ure] to credit *compensation* due for unpaid straight-time and overtime performed by Plaintiffs as *compensation* under the 401(k) Plan." Compl. ¶ 78 (emphasis added). As noted above, compensation is defined under the plan as an actual payment of wages.

Accordingly, the Court finds Plaintiffs' claim for breach of fiduciary duty premature. Because there has been no determination as to what exact wages are owed Plaintiffs, and accordingly no payment of wages to Plaintiffs is owed and there can be no breach – at least, at this juncture The Court thus dismisses the claim for breach of fiduciary duty, but without prejudice. If, after any unpaid wages are paid to Plaintiffs, Defendants fail to make the necessary contributions, then Plaintiffs may assert a claim for breach of fiduciary duty.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss. More specifically, the Court denies the motion to dismiss the wage-and-hour claims and the recordkeeping/reporting ERISA claim. However, the Court grants the motion to dismiss the PAGA claim, the claim for intentional misrepresentation, and the ERISA claim for breach of fiduciary duty. Only the claim for intentional misrepresentation is dismissed with prejudice. Plaintiffs have thirty days from the date of this order to file an amended complaint repleading its claim for violation of PAGA.

This order disposes of Docket No. 13.

IT IS SO ORDERED.

Dated: September 2, 2011

_____
EDWARD M. CHEN
United States District Judge